Law Library

FILED
SUPERIOR COURT
OF GUAM

2013 AUG 19 AM 9: 59

CLERK OF COURT

BY:

# IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
)  CRIMINAL CASE NO. CM0645-12
) 
) 
vs. )
) 
)  **DECISION AND ORDER**
)  **(Motion for Diversion)**
TRENT JAMES MENDIOLA, )
) 
Defendant. )
)

## INTRODUCTION

This matter comes before the Honorable Judge Michael J. Bordallo on Defendant's Motion for Deferred Plea. Defendant Trent James Mendiola ("Defendant") are represented by Assistant Public Defender Brian E. Kegerreis. The People of Guam ("The People") are represented by Assistant Attorney General Christine Santos Tenorio. Having reviewed the memorandum and papers presented, the Court now issues the following decision GRANTING Defendant's Motion.

## FACTUAL HISTORY

On July 11, 2012, a Complaint was filed charging Defendant with one count Family Violence (As a Misdemeanor) and one count Assault (As a Misdemeanor). As with all crimes, Defendant is charged based upon the facts presented in a police report submitted to the Attorney General's Office following the Defendant's arrest. The Complaint arises out of an alleged altercation between Defendant and Chrstine Sablan Taisacan ("Victim"). Declaration of Jonathan R. Quan at 1. The Declaration contains the following facts:

> On July 10, 2012, an argument ensued between Defendant and Victim. Defendant attempted to burn Victim with a lit cigarette. Defendant also kicked Victim, who was pregnant, in the stomach, causing her to fall down. Victim then threw a beer can at Defendant, and then Victim proceeded to the bathroom and closed the door. Defendant then pushed the restroom door open, grabbed

*People v. Mendiola*
Criminal Case No. CM0645-12
Decision and Order (Motion for Deferred Plea)

Victim's jaw with his right hand squeezing her jaw hard, and then pushing her back causing her to hit her back on the restroom sink. Victim's mother told Defendant to stop and that she would call police. Defendant allegedly stated, '[G]o ahead and call the cops, I ain't scared of you, I love you, I'll [ ] kill you Christina.' Throughout the incident and afterwards, Defendant was seen intentionally striking his head against the apartment wall in the kitchen, the bathroom wall, the police car window, the police car interior metal grill, and holding cell.

*Id.*

Defendant filed Motion for Deferred Plea ("Motion") on March 25, 2013. The People filed People's Opposition to Defendant's Motion for a Deferred Plea ("Opposition") on April 2, 2013.

## DISCUSSION

Defendant has motioned the Court for entry into the diversion program. The People timely opposed Defendant's motion. Section 30.80 provides that only misdemeanor family violence charges warrant deferred pleas. *See* 9 GCA § 30.80 (2013). Section 30.80.1 prescribes when a defendant is ineligible for a deferred plea and also gives the prosecution the discretion not to offer a deferred plea. Section 30.80.1 provides:

**§ 30.80.1. Deferred Plea Eligibility.**

Notwithstanding any other provision of law, and upon the determination of the judge, this § 30.80.1 *shall* apply whenever a case is before the court upon an accusatory pleading for any criminal act against a family or household member as defined in Subsection (b) of § 30.10 of this Chapter.

(a) The following persons are ineligible for the deferred guilty plea for family violence process:

(1) a defendant who has a felony conviction for any offense involving violence within seven (7) years prior to the alleged commission of the charged offense;

(2) a defendant who has participated in a diversion or deferred

Page 2 of 6

plea program for family violence, or a similar offense in Guam or another locality;

(3) a defendant who has been sentenced for a violation of §30.40 of this Chapter within one (1) year prior to the alleged commission of the charged offense; or

(4) a defendant whose current charge involves serious bodily injury as defined in Subsection (c) of §16.10, Chapter 16 of this Title, or criminal sexual conduct involving sexual penetration as defined in Item (9) of Subsection (a) of §25.10, Chapter 25 of this Title, *unless* the court finds that due to unusual circumstances deferral of the criminal proceedings is manifestly in the interest of justice.

(b) The fact that a defendant is *not* made ineligible by Subsection (a) of this § 30.80.1 *does not* automatically entitle a defendant to the deferred guilty plea for family violence.

(c) The prosecuting attorney shall determine whether the defendant is ineligible for deferral by reason of any of the factors set forth in Subsection (a) of this § 30.80.1. If the prosecutor finds that the person is not ineligible, and will agree to a deferred plea, the prosecutor shall notify the defendant.

**(d) If the prosecutor finds that the defendant is ineligible, or if the prosecutor will not agree to a deferral although the defendant is not excluded by reason of Subsection (a) of this § 30.80.1, the prosecutor shall notify the defendant.**

(e) Any defendant who is not specifically ineligible for the deferral process pursuant to Subsection (a) of this § 30.80.1 may apply to the court, by noticed motion for an order granting a deferred plea. **The prosecuting attorney may oppose this application.**

9 GCA § 30.80.1 (2013) (emphasis added).

In other words, Sections 30.80 and 30.80.1(a) provide the basis for when a defendant is statutorily eligible for the deferred plea program. *See* § 30.80.1(a). Section 30.80.1(d) states that even if a defendant is eligible as provided by Section 30.80.1(a), it is within the prosecution's discretion whether to offer a family violence deferred plea. *See* 9 GCA § 30.80.1(d). Section 30.80.1(e) states defendants have the ability to motion the court to grant a deferred plea where a defendant is not ineligible for deferral as provided by Section 30.80.1(a),

but where the prosecution has not chosen to offer a deferred plea. *See* 9 GCA § 30.80.1(e). Finally, once a defendant has filed such a motion, a court is required to hold a hearing and determine a defendant's eligibility based on the following three factors:

> The court, in determining the defendant's eligibility for a deferred guilty plea, shall consider **the nature and extent of the injury inflicted upon the victim, any prior incidents of family violence by the defendant, and any factors which would adversely influence the likelihood of successful completion of the deferred guilty plea agreement.**

9 GCA § 30.80.2(a) (2013) (emphasis added). Therefore, the Court analyzes the present case based on the above three factors.

## A. The Nature and Extent of the Injury Inflicted

Defendant is eligible for a deferred plea, but The People have notified him a deferred plead will not be offered, because Victim was pregnant. Opposition at 3. Defendant argues there is no "serious bodily injury," as the police did not offer medical treatment to Victim. Motion at 5. The People, however, argue that Defendant knowing Victim was pregnant, engaged in the following acts that could have resulted in serious bodily injury: burned Victim with a cigarette; kicked Victim in the stomach, causing her to fall down, as observed by Victim's brother; squeezed Victim's jaw hard; and pushed Victim, causing Victim to hit her back on the sink. *Id.* Defendant is also alleged to have threatened to kill Victim after physically assaulting her. *Id.*

The Court is aware that Defendant is not charged with any crimes requiring proof of serious bodily injury. Instead, the Defendant is charged with Family Violence (As a Misdemeanor) and Assault (As a Misdemeanor). The Court also notes that Victim did not receive treatment for any injuries. Therefore, the Court finds the above facts weigh in favor of granting Defendant the benefit of diversion.

## B.    Prior Incidents of Family Violence

The Court considers any prior incidents of family violence by Defendant when deciding whether to grant diversion. Defendant asserts he does not have a felony conviction and has never been charged with a felony, has not entered diversion, and has not had a violation of any case under Section 30.81(a)(3). Motion at 3-4. The People note that Victim indicated to police there have been approximately five incidents of family violence between her and Defendant between 2008 and the present. Opposition at 4. Victim indicated there were two unreported and one reported incident that occurred in Saipan. *Id.* at 4-5. Victim also indicated there was a prior unreported incident that occurred in Guam in 2011. *Id.* at 5.

Not all previous cases are of interest to the Court as, for example, a defendant's traffic violations or a civil case, have no bearing upon an assessment of a history of violence. The Family Violence Act found in Section 30.80 enumerates four reasons that a defendant is statutorily ineligible for diversion: (1) a felony conviction with the past seven years for any offense involving violence, (2) a previous diversion within five years of the current charges, (3) a sentence for a violation of a family violence court order within one year of the alleged commission of the current charges, or (4) if the current charges also involve serious bodily injury to the victim or a concurrent charge of criminal sexual conduct. Using these ineligibility factors as a guide, the court examines only felony convictions involving violence, any previous participation in diversion, all previous cases involving serious bodily injury or criminal sexual conduct. Reported incidents of family violence and even criminal charges alone are insufficient.

*People v. Mendiola*
Criminal Case No. CM0645-12
Decision and Order (Motion for Deferred Plea)

In the present case, there is no evidence of felony convictions involving violence, any previous participation in diversion, or previous cases involving serious bodily injury or criminal sexual conduct.

### C.     The Likelihood of Successful Completion of Diversion

The recent amendment to the Family Violence Act, which changed diversion to a deferred plea agreement, also changed the eligibility requirements for entering the treatment-based probationary program. A defendant seeking a deferred plea agreement is now ineligible for a deferred plea if they have previously accepted diversion in any criminal case involving a charge of Family Violence. The legislative history of the intentional change to the eligibility requirements notes that the strongest indicator of an inability to successfully complete a treatment-based program is a previous failure in that same program.

Defendant's lack of criminal history indicates he is likely to successfully complete diversion.

### CONCLUSION

The Court finds the three factors weigh in favor of diversion. Accordingly, the Court **GRANTS** Defendant's Motion for Deferred Plea. Further Proceedings are set for 9/6/ 2013 at 9am 9: 00am

SO ORDERED, this 19 day of August 2013.

HONORABLE MICHAEL J. BORDALLO
Judge, Superior Court of Guam

AUG 19 2013

Glenric J. Mendiola
Deputy Clerk, Superior Court of Guam

Page 6 of 6

*People v. Mendiola*
Criminal Case No. CM0645-12
Decision and Order (Motion for Deferred Plea)